UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOROTHY DEMATTIES, Administratrix of the estate of STEPHEN DEMATTIES, Individually and as surviving spouse, | : | 3:08CV116 (WWE) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ACMAT CORPORATION, AMERICAN STANDARD, INC., AURORA PUMP COMPANY, AVENTIS CROPSCIENCE USA, INC., AG CO., AG CO., A.W. CHESTERTON COMPANY, BELL & GOSSETT CO., BONDEX INTERNATIONAL INC., BUFFALO PUMPS, INC., CERTAINTEED CORPORATION, CRANE COMPANY, CROWN, CORK AND SEAL COMPANY, INC., D.B. RILEY INC., DURABLA MANUFACTURING CO., EASTERN REFRACTORIES CO., INC., ECKEL INDUSTRIES, ERICCSON, INC., FOSTER WHEELER LLC, GARDNER DENVER, INC., GARLOCK SEALING TECH., LLC, GENERAL ELECTRIC COMPANY, GEORGIA PACIFIC CORP., GOULDS PUMPS INCORPORATED, IMO INDUSTRIES, INC., INGERSOLL-RAND CO., INTERNATIONAL PAPER COMPANY, JH FRANCE REFRACTERIES COMPANY LESLIE CONTROLS INC., METROPOLITAN LIFE INSURANCE COMPANY, UKONITE COMPANY, PHELPS DODGE, RPM INC., RAPID AMER. CORPORATION, ROCKBESTOS CORPORATION, STERLING FLUID SYS. INC.–PEERLESS PUMP, UNION CARBIDE CORPORATION, VIACOM INC., WARREN PUMPS, INC., Defendants. | : | |

**MEMORANDUM OF DECISION ON MOTION TO REMAND**

This action arises from plaintiff Dorothy DeMatties' claims that the aforementioned defendants supplied or manufactured asbestos or asbestos-containing products that injured her husband Stephen DeMatties. This case was removed from state court by defendant Buffalo Pumps.[1] Plaintiff now moves to remand the case to state court. Both Buffalo Pumps and GE have filed oppositions to the motion to remand.

For the following reasons, the Court will deny the motion to remand.

**BACKGROUND**

On May 7, 2004, plaintiffs filed an asbestos personal injury action in the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport. Buffalo Pumps received service of the summons and complaint on May 14, 2004.

On December 24, 2007, plaintiff provided defendant Buffalo Pumps with ship records for the USS Champlain as part of supplemental discovery. This material indicated that the plaintiff''s allegations of asbestos exposure related, <u>inter alia</u>, to products manufactured for the Navy ships.

Within thirty days of the receipt of the supplemental discovery materials, Buffalo Pumps removed this case to federal court pursuant to the federal officer removal statute, codified at 28 U.S.C. § 1442, which permits removal of state actions brought against an officer or agency of the United States, or an individual acting under the

---

[1]General Electric ("GE") later joined in that removal.

auspices of a federal officer. 28 U.S.C. § 1442(a)(1); Mesa v. California, 489 U.S. 121, 125 (1989). Plaintiff now moves to remand this case to state court, arguing that this Court lacks subject matter jurisdiction.

## DISCUSSION

A party may remove a case from state court to federal court only if the action is one over which the federal court has jurisdiction. 28 U.S.C. § 1441(a). In order to demonstrate that removal is proper, the movant bears the burden of showing the existence of federal jurisdiction. Actions brought against federal officers in state court may be removed if the defense depends on federal law. Jefferson County v. Acker, 527 U.S. 423, 431 (1999).

Defendants rely upon the federal officer removal statute, 28 U.S.C. § 1442(a)(1), for their claim that removal is proper. In order to satisfy the requirements of the statute, defendants must satisfy three elements: (1) that they are "persons" within the meaning of the statute who acted under a federal officer; (2) that they performed the actions for which they are being sued under color of federal office; and (3) that they have a colorable federal defense. Issacson v. Dow Chemical Co., 517 F.3d 129, 135 (2d Cir. 2008). The federal officer removal statute is construed broadly and "should not be frustrated by a narrow, grudging interpretation." Arizona v. Manypenny, 451 U.S. 232, 242 (1981). Defendants need not show that they will prevail in federal court; they need only demonstrate that section 1442(a)(1) is applicable to the instant matter. Willingham v. Morgan, 395 U.S. 402, 407 (1969).

Buffalo Pumps has attached to the notice of removal the affidavits of Rear Admiral Roger Horne, Jr., Martin Kraft, Buffalo Pumps' production manager, and Dr.

Samuel Forman, a specialist in preventative and occupational medicine, former United States Navy doctor, and expert in asbestos-related diseases. Based on the averments of these affidavits, defendant Buffalo Pumps asserts that removal jurisdiction is appropriate because (1) Buffalo Pumps is a "person" within the meaning of 28 U.S. C. § 1442(a); (2) Buffalo Pumps manufactured and supplied pumps for the Navy ships pursuant to vessel-specific contracts between it and the U.S. Navy; and (3) the Navy issued specifications and other technical documentation identified in applicable contract documents that controlled the pumps' design and construction and specified the material to be used. Further, according to Dr. Forman, the Navy was aware of the potential hazards of asbestos as early as 1922.

Defendant GE has supplied the affidavits of former Manager of Navy Customer Service for GE's Navy and Small Turbine Department David Hobson, retired Rear Admiral Ben Lehman, and retired Navy Captain Lawrence Betts. In accordance with these affidavits, GE asserts that it manufactured and supplied turbines for U.S. Navy ships pursuant to the contracts that incorporated the detailed product specifications; that the Navy exercised complete control over every aspect of each piece of equipment to be used on its ships; that the Navy, rather than GE, determined the nature of the hazards to be subject to precautionary labeling and the content of such specified labeling; and that GE did not have information regarding the danger or hazards posed by asbestos that was not known by the Navy.

This Court has recently found that the federal officer removal statute had been properly invoked in two actions involving nearly identical circumstances and bases for removal. See Despres v. Ampco-Pittsburgh Corp., 2008 WL 4329881 (D. Conn. 2008)

(finding removal timely and proper); Pantalone v. Aurora Pump Co., – – F. Supp. 2d – –, 2008 WL 4272649 (D. Conn. 2008) (finding removal untimely although basis of federal officer removal was proper).[2]  The Court agrees with the reasoning of these decisions and finds that the removal was proper pursuant to the federal officer removal statute.

Both Buffalo Pumps and GE satisfy the first requirement as "persons" acting under a federal officer during the relevant time period.  An entity acts under a federal officer when it assists or helps carry out the duties or tasks of the federal superior. Watson v. Philip Morris Cos., Inc., – –  U.S. – –, 127 S.Ct. 2301, 2307 (2007).  A defendant shows that it was acting under the direction of a federal officer where there is "close supervision of the private entity by the Government."  See Issacson, 517 F.3d at 137.   Here, the evidence establishes that defendants manufactured equipment for the Navy according to the Navy's precise specifications.

The second prong, that a defendant acted "under color of federal office," is considered a causation requirement.  Jefferson County, 527 U.S. at 424.   A defendant must show that the act that is subject to the lawsuit has arisen out of the acts that occurred because of what that defendant was asked to do by the Government. Issacson, 517 F.3d at 137.  For purposes of assessing removeability, the Court must credit a defendant's theory of the case when determining whether a causal connection

---

[2]See also Contois v. Able Indus. Inc., 523 F.Supp.2d 155 (D. Conn. 2007) (finding removal timely and substantively proper); Machnik v. Buffalo Pumps, Inc., 506 F. Supp. 2d 99 (D.  Conn. 2007) (denying plaintiff's motion to remand).  In Fortier v. AMPCO, 2007 WL 735703 (D. Conn), this Court rejected the grounds for federal officer removal after review of a less developed record and without the benefit of Issacson's clear articulation of the proper standard to review grounds for removeability.

exists.  Jefferson County, 527 U.S. at 432.

Plaintiff maintains that defendant cannot show a causal nexus between the Navy and plaintiff's claims because the Navy never forbade warnings about the hazards of asbestos.  In Pantalone, this Court rejected this argument, mindful of the Court's obligation not to probe the merits of defendants' assertions but to credit a defendant's theory of the case establishing a "causal link." – – F. Supp. 2d – –, 2008 WL 4272649 ; Issacson, 517 F.3d at 138.  Here, the affidavits adduced set forth that the use of asbestos occurred in accordance with Navy specifications and direction.  Affording proper credit to these averments, the Court must find that defendants have satisfied the second prong.

As to the third prong, that the defendant raise a colorable federal defense, the Court should rely on each defendant's assertions for the basis of the defense and should not consider whether the defense will ultimately prevail.  Willingham, 395 U.S. at 407.

Defendants raise the government or military contractor defense, which shields the contractor from liability under state tort law where the government approved the product's general design or reasonably precise specifications, the product conformed to the government's specifications, and the contractor warned the government of the risks of the product that were known to the contractor but not to the government.  Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988).  The averments of the affidavits supplied by defendants in support of removal and their opposition memoranda indicate that the Navy approved reasonably precise specifications for the equipment supplied by Buffalo Pumps and GE respectively, that the equipment conformed to the Navy's

specifications, and that the Navy was already aware of asbestos-related dangers in the use of the equipment. Accordingly, defendants have a colorable government contractor defense and removal pursuant to § 1442(a)(1) is appropriate. The Court will deny the motion to remand.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand [#27].

Dated this _27__th day of October, 2008 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge